James E. Knox and Dorothy A. Knox v. Commissioner.
Knox v. Commissioner
Docket No. 1156-66.
United States Tax Court
T.C. Memo 1967-164; 1967 Tax Ct. Memo LEXIS 96; 26 T.C.M. (CCH) 779; T.C.M. (RIA) 67164; August 7, 1967
Oscar Nipper, 7654 Park Place Blvd., Houston, Tex., for the petitioners. Robert L. Liken and Stephen G. Merritt, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined a deficiency in the income tax of petitioners for the *97 year 1963 in the amount of $127.57. The petitioners, James E. Knox and Dorothy A. Knox, were legal residents of Houston, Texas, at the time they filed their petition in this proceeding. Their joint Federal income tax return for 1963 was filed with the district director of internal revenue at Austin, Texas. The taxable income reported in their 1963 income tax return was $3,146. Petitioners deducted $371.63 for "professional educational expense." In his notice of deficiency respondent made two adjustments to taxable income by (1) disallowing education expenses of $232.59 and (2) disallowing medical expense of $9.30, in arriving at adjusted taxable income of $3,387.89. The total tax on such amount is $677.58. To this respondent added self-employment tax of $79.19 to arrive at a total tax of $756.77. Since the tax shown on the return was $629.20, the determined deficiency was $127.57. Respondent has conceded the deduction for education expense and the medical expense adjustment has been agreed to by the parties. Thus the only disputed issue remaining is whether the tax on self-employment is an "income tax." Petitioners contend that the tax on self-employment is not an income tax *98 and that, consequently, this Court does not have jurisdiction to enter a decision with respect thereto. This contention is erroneous. Subtitle A of the Internal Revenue Code of 1954 is entitled and imposes "Income Taxes." Chapter 1 of Subtitle A is entitled and imposes "Normal Taxes and Surtaxes." The normal taxes and surtaxes are imposed on the taxable income of individuals and corporations. Chapter 2 of Subtitle A is entitled and imposes "Tax on Self-Employment Income" of every individual. In addition, section 1.1401-1(a), Income Tax Regulations, provides (a) There is imposed, in addition to other taxes, a tax upon the self-employment income of every individual at the rates prescribed in section 1401. (See paragraph (b) of this section.) This tax shall be levied, assessed, and collected as part of the income tax imposed by subtitle A of the Code and except as otherwise expressly provided, will be included with the tax imposed by section 1 or 3 in computing any deficiency or overpayment and in computing the interest and additions to any deficiency, overpayment, or tax. Since the tax on self-employment income is part of the income tax, it is subject to *99 the jurisdiction of the Tax Court of the United States to the same extent and in the same manner as the other taxes under subtitle A of the Code. However, this tax is not required to be taken into account in computing any estimate of the taxes required to be declared under section 6015. [Emphasis supplied.] Since the tax on self-employment income is a part of Subtitle A of the Internal Revenue Code, it is as much a part of the "income tax" as the tax on individuals or on corporations. See Joseph M. Philbin, 26 T.C. 1159, 1166 (1956); and Pearl Zarnow, 48 T.C. 213 (1967). Accordingly, we hold that there is a deficiency in income tax for the year 1963 in the amount of $66.64, and Decision will be entered for respondent in such amount.